UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.

PAIGE WHEATLAND, a/k/a Marcus
Jason Perry,
                *Defendant-Appellant.*

No. 02-4846

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-02-140)

Submitted: March 4, 2003

Decided: March 14, 2003

Before WIDENER, WILLIAMS, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frank W. Dunham, Federal Public Defender, Robert J. Wagner,
Assistant Federal Public Defender, Richmond, Virginia, for Appel-
lant. Paul J. McNulty, United States Attorney, N. George Metcalf,
Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Paige Wheatland appeals his conviction for possession with intent to distribute over fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). He filed a motion to suppress the drugs found in his backpack during a search conducted at a bus terminal. The district court denied the motion and Wheatland entered into a conditional guilty plea agreement with the Government. On appeal, Wheatland argues that he did not consent to the search of his backpack, and therefore the district court erred in denying his motion to suppress the evidence found in the backpack. Finding no error, we affirm.

Although the Fourth Amendment clearly prohibits unreasonable searches and seizures, and searches without a warrant are per se unreasonable unless a valid exception applies, it is equally clear that a search to which a suspect has consented is an exception to this requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). The Government has the burden of proving that the consent was freely and voluntarily given. *Id.* at 222.

This court reviews the factual findings underlying a motion to suppress for clear error and reviews the legal determinations de novo. *United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002). Where a district court denies a suppression motion, this court reviews the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). The reviewing court should take care to give due weight to inferences drawn from those facts by both resident judges and local law enforcement officers. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

Determination of the voluntariness of consent involves an objective analysis of the totality of circumstances surrounding the consent.

*United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). A court must decide, given the totality of the circumstances, whether "a reasonable person in the suspect's position would have felt free to decline the officers' requests or otherwise terminate the encounter." *United States v. Sullivan*, 138 F.3d 126, 132 (4th Cir. 1998) (quoting *Florida v. Bostick*, 501 U.S. 429, 438 (1991)). In reviewing the totality of the circumstances, the court considers the characteristics of the suspect, such as age, maturity, education, intelligence, and experience; and the conditions under which the consent was given, such as the number of officers present, and the duration, location, and time of the encounter. *Lattimore*, 87 F.3d at 650.

The district court relied on its determination of the credibility of the two officers and Wheatland in deciding the motion to suppress. Wheatland does not raise any legal issues regarding the court's decision. Because its factual finding is at issue, the court reviews for clear error. *See Photogrammetric Data Servs., Inc.*, 259 F.3d at 237. Further, the district court's decision appears to rest in its entirety on the court's credibility determinations based on testimony at the suppression hearing. Witness credibility is not subject to appellate review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Wheatland argues that the totality of the circumstances leads to the conclusion that he did not consent, relying on his own testimony that he did not consent, that Officer Corrigan was standing approximately six feet away when he allegedly gave consent and yet Corrigan did not hear the consent, that he knew he did not have to consent, and that he was a fugitive.

We have reviewed the entire record and the briefs on appeal and conclude that the district court's denial of the motion to suppress was not clear error. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*